|   |   |   |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
| 2 | FOR THE DISTRICT OF ALASKA | |

TODD N. TIX,

          Petitioner,

          v.

STATE OF ALASKA DEPARTMENT OF CORRECTIONS,

          Respondent.

Case No. 3:25-cv-00119-SLG-KFR

## REPORT AND RECOMMENDATION RE EQUITABLE TOLLING

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Petitioner Todd N. Tix, a self-represented prisoner.[1] The Court previously recommended that the Petition be dismissed after Petitioner did not respond to an order to show cause why his claims should not be dismissed as time-barred.[2] Petitioner filed a letter and objections to the Court's report and recommendation, in which he asserted that he never received the show cause order and that he is entitled to equitable tolling of the statutory deadline for the filing of the Petition.[3] Based on Petitioner's filing, Chief District Judge Sharon L. Gleason recommitted this matter to the undersigned for a recommendation whether equitable tolling should apply in this case.[4]

As relevant here, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a habeas petition brought under 28 U.S.C. § 2254 be filed within one year from the date the petitioner's state court judgment became final by the conclusion of direct review or the expiration of time to seek such review.[5] A habeas petitioner seeking equitable

---

[1] Docket 1.
[2] Docket 6; *see also* Docket 4.
[3] Docket 7.
[4] Docket 8.
[5] 28 U.S.C. § 2244(d)(1). AEDPA provides that the limitations period may begin to run from a later date in three types of situations, *see id.*, but there is no indication from Petitioner's filings that any of those situations are present in this case.

tolling of AEDPA's limitations period bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[6] "[F]or a litigant to demonstrate he has been pursuing his rights diligently . . . he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court."[7] Moreover, an extraordinary circumstance must both have been the "cause of [the petitioner's] untimeliness" and have made it "impossible to file a petition on time."[8] Equitable tolling is rarely applied because "the threshold necessary to trigger [it] . . . is very high, lest the exceptions swallow the rule."[9]

Here, Petitioner suggests that he is entitled to equitable tolling because: (1) he "underwent two separate surgeries in 2019 to 2021, leaving him to suffer chronic headaches rendering him incapacitated for over a decade"; (2) he "was not fully aware of all court rules and time constraints, as he is not fully qualified in representing himself"; (3) he has been unable to obtain counsel to assist him in this matter because he has "effectively been 'black listed'" by attorneys in Alaska; and (4) his prior attorneys "sabotaged [his] . . . attempts to file his [post-conviction relief application] in state court."[10] However, even if the Court were to accept all of these statements as true, it would not be appropriate to equitably toll all of the time required to render the claims in the Petition timely.

As the Court previously explained, the one-year limitations period in which Petitioner was required to file his habeas claims began running in July 2011, when Petitioner's state conviction became final.[11] Even if the Court were to assume that Petitioner were entitled to equitable and statutory tolling from July 2011 until November 2017—when the time expired

---

[6] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).
[7] *Perez v. Reubart*, 150 F.4th 1164, 1178 (9th Cir. 2025) (quoting *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc)).
[8] *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (internal quotation marks omitted).
[9] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).
[10] Docket 7 at 2–3.
[11] Docket 6 at 4.

for Petitioner to petition the Alaska Supreme Court for review of the Alaska Court of Appeals' decision regarding his post-conviction relief application—Petitioner has failed to allege facts showing that he was reasonably diligent or that an extraordinary circumstance prevented him from filing the Petition from November 2017 until November 2018.[12]

Although the Court recognizes that self-representation is difficult, particularly while incarcerated, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."[13] Similarly, because there is generally no right to counsel in federal habeas proceedings, Petitioner's lack of success in obtaining representation is neither extraordinary nor indicative of reasonable diligence in pursuing his rights.[14] Finally, even supposing for sake of argument that Petitioner's state attorneys engaged in egregious misconduct pertaining to the initial filing of his state post-conviction relief application,[15] Petitioner has provided no reason to believe that any such misconduct made it impossible for him to file his federal Petition in the year after his state post-conviction relief litigation ended. The Court thus concludes that Petitioner has failed to allege any basis upon which equitable tolling could be applied to save the claims in the Petition from being time-barred.[16]

//

//

---

[12] *See Tix v. State of Alaska*, Case No. A-12972, Docket 8 (Alaska Court of Appeals' October 2017 order dismissing appeal of Alaska Superior Court's dismissal of Petitioner's post-conviction relief application); Alaska R. App. P. 303(a)(1) (allowing parties 30 days from date of final decision by Alaska Court of Appeals to file petition for hearing in Alaska Supreme Court).

[13] *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (concluding that a petitioner's "pro se status [and] a prison library that was missing a handful of reporter volumes" were "hardly extraordinary given the vicissitudes of prison life" and did not make it impossible for petitioner to file on time).

[14] *See Redd v. Guerrero*, 84 F.3th 874, 880 (9th Cir. 2023) ("[T]here is no federal constitutional right to habeas counsel."); 18 U.S.C. § 3006A(a)(2)(B) (affording courts discretion in habeas cases to appoint counsel to "any financially eligible person" if "the interests of justice so require").

[15] *Spitsyn v. Moore*, 345 F.3d 796, 800–01 (9th Cir. 2003) (recognizing that "sufficiently egregious" attorney misconduct may constitute an extraordinary circumstance for purposes of equitable tolling of AEDPA's statute of limitations (citations omitted)).

[16] The Court has also considered the documents that accompanied Petitioner's objections to the Court first report and recommendation. Those documents provide no basis to conclude that there are extraordinary circumstances warranting equitable tolling.

Accordingly, the Court **RECOMMENDS** that equitable tolling not be applied in this case.

DATED this 3rd day of December, 2025, at Anchorage, Alaska.



/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[17] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[18]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[19] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[20]

---

[17] 28 U.S.C. § 636(b)(1)(B).
[18] *Id.* § 636(b)(1)(C).
[19] *Id.*
[20] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).