IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TODD N. TIX,

        Petitioner,

    v.

STATE OF ALASKA DEPARTMENT OF CORRECTIONS,

        Respondent.

Case No. 3:25-cv-00119-SLG-KFR

## ORDER OF DISMISSAL

Before the Court at Docket 1 is Todd N. Tix's Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254. The petition was referred to the Honorable Magistrate Judge Kyle F. Reardon.[1] At Docket 4, Judge Reardon ordered Petitioner to show cause why the Petition should not be dismissed on the ground that his claims are time-barred.[2] Petitioner did not respond to the show cause order.

At Docket 6, Judge Reardon issued his Report and Recommendation, in which he recommended that the petition be dismissed because Petitioner's claim was time-barred. At Docket 7, Petitioner filed a letter containing objections to Judge Reardon's Report and Recommendation, in which he asserted that he never

---

[1] Docket 3.

[2] Docket 4.

received the show cause order and that he is entitled to equitable tolling of the statutory deadline for the filing of the Petition. Based on Petitioner's letter, the Court recommitted this matter to Judge Reardon for a recommendation of whether equitable tolling should apply in this case.

At Docket 9, Judge Reardon issued his second Report and Recommendation, in which he recommended that the petition be dismissed. Petitioner filed Objections to the Report and Recommendation at Docket 10.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[3] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[4] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[5]

In his second Report and Recommendation at Docket 9, Judge Reardon recommended that equitable tolling not be applied in this case because Petitioner has failed to allege any basis upon which equitable tolling could be applied to save

---

[3] 28 U.S.C. § 636(b)(1).

[4] *Id.*

[5] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:25-cv-119-SLG-KFR, *Tix v. State of Alaska Department of Corrections*
Order of Dismissal
Page 2 of 4
Case 3:25-cv-00119-SLG-KFR    Document 11    Filed 12/30/25    Page 2 of 4

the claims in the Petition from being time-barred.[6] On December 17, 2025, Petitioner filed an objection to Judge Reardon's Report and Recommendation.[7] Petitioner asserts his petition is not time-barred for the following reasons: (1) his prior counsel "sabotaged not only his '5 day murder trial' but also his [post-conviction relief] filings"; (2) "fraud and corruption . . . by APD"; (3) "Tix has continually has continually sought out legal counsel" but has been unable to secure representation; and (4) "Tix has been incapacitated since 2014 when he began experiencing chronic sinus headaches."[8]

On de novo review, Court has reviewed the Report and Recommendations at Docket 6 and Docket 9 and agrees with both analyses. Accordingly, the Court adopts both Report and Recommendations, and IT IS ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED and that all other pending motions be DENIED as moot. The Clerk of Court shall enter a final judgment accordingly. A Certificate of Appealability shall not issue because reasonable jurists could not debate whether this petition should have been resolved in a different manner.[9]

---

[6] Docket 9

[7] Docket 10.

[8] Docket 10 at 2-3.

[9] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:25-cv-119-SLG-KFR, *Tix v. State of Alaska Department of Corrections*
Order of Dismissal
Page 3 of 4
Case 3:25-cv-00119-SLG-KFR     Document 11     Filed 12/30/25     Page 3 of 4

Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 30th day of December, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-119-SLG-KFR, *Tix v. State of Alaska Department of Corrections*
Order of Dismissal
Page 4 of 4
Case 3:25-cv-00119-SLG-KFR   Document 11   Filed 12/30/25   Page 4 of 4